Steven Wayne Bonilla
California Medical Facility
J-48500, T-203, P.O. Box 2000
Vacaville, CA 95696

FILED
May 2, 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

United States District Court
Northern District of California

In re: to the matter of Steven Wayne Bonilla Being Declared a Vexatious Litigant

Case No. 24-cv-2651-PJH

C.C.P. 391.7 Does Not apply
-Expedited Review Requested-

For an inmate to be declared a vexatious litigant, he must have received three denials. But court rulings without jurisdiction amounts to nothing, as the court held in Case Law [49 US 495]. With there being no federal grand jury subpoena, there is no subject matter jurisdiction. Therefore any prior rulings were without jurisdiction. They amount to nothing and can not make the Petitioner a vexatious litigant. Claiming the Petitioner a vexatious litigant to ignore the courts lack of jurisdiction is Obstruction of Justice when he obviously is not a vexatious litigant.

Verification

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC § 1746.

Date. 4-24-24

Respectfully Submitted
Steven W Bonilla

Superior Court (Cal. App. 4th Dist. June 30, 2009), 175 Cal. App. 4th 536, 96 Cal. Rptr. 3d 99, 2009 Cal. App. LEXIS 1066.

Where plaintiff was initially represented by counsel, who filed a complaint on plaintiff's behalf, plaintiff did not violate a prefiling order that had been entered against him pursuant to CCP § 391.7 by later appearing in the case in propria persona because the prefiling order prohibited plaintiff from filing a new civil action or proceeding in propria persona without permission of the presiding judge, but it did not prohibit him from prosecuting (in propria persona and without permission) an action that was filed in compliance with those requirements. Thus, a trial court erred by granting defendants' motions to dismiss plaintiff's complaint. Shalant v. Girardi (Cal. App. 2d Dist. Apr. 5, 2010), 183 Cal. App. 4th 545, 107 Cal. Rptr. 3d 419, 2010 Cal. App. LEXIS 463, modified, (Cal. App. 2d Dist. Apr. 23, 2010), 2010 Cal. App. LEXIS 553, modified, (Cal. App. 2d Dist. Apr. 23, 2010), 2010 Cal. App. LEXIS 641, review granted, depublished, (Cal. July 21, 2010), 112 Cal. Rptr. 3d 290, 234 P.3d 540, 2010 Cal. LEXIS 7160, aff'd, superseded, (Cal. June 23, 2011), 51 Cal. 4th 1164, 126 Cal. Rptr. 3d 98, 253 P.3d 266, 2011 Cal. LEXIS 6171.

CCP § 391.7 authorizes the issuance of prefiling orders that govern only the initiation of a lawsuit, not what occurs during the prosecution of the litigation. Shalant v. Girardi (Cal. App. 2d Dist. Apr. 5, 2010), 183 Cal. App. 4th 545, 107 Cal. Rptr. 3d 419, 2010 Cal. App. LEXIS 463, modified, (Cal. App. 2d Dist. Apr. 23, 2010), 2010 Cal. App. LEXIS 553, modified, (Cal. App. 2d Dist. Apr. 23, 2010), 2010 Cal. App. LEXIS 641, review granted, depublished, (Cal. July 21, 2010), 112 Cal. Rptr. 3d 290, 234 P.3d 540, 2010 Cal. LEXIS 7160, aff'd, superseded, (Cal. June 23, 2011), 51 Cal. 4th 1164, 126 Cal. Rptr. 3d 98, 253 P.3d 266, 2011 Cal. LEXIS 6171.

Given the important constitutional concerns that CCP § 391.7 implicates, the statute should not be broadly interpreted. Rather, it should be applied strictly according to its terms. Shalant v. Girardi (Cal. App. 2d Dist. Apr. 5, 2010), 183 Cal. App. 4th 545, 107 Cal. Rptr. 3d 419, 2010 Cal. App. LEXIS 463, modified, (Cal. App. 2d Dist. Apr. 23, 2010), 2010 Cal. App. LEXIS 553, modified, (Cal. App. 2d Dist. Apr. 23, 2010), 2010 Cal. App. LEXIS 641, review granted, depublished, (Cal. July 21, 2010), 112 Cal. Rptr. 3d 290, 234 P.3d 540, 2010 Cal. LEXIS 7160, aff'd, superseded, (Cal. June 23, 2011), 51 Cal. 4th 1164, 126 Cal. Rptr. 3d 98, 253 P.3d 266, 2011 Cal. LEXIS 6171.

Trial court properly dismissed litigation pursuant to CCP § 391.7(c), where it was undisputed that plaintiff was a vexatious litigant subject to a prefiling order that precluded her from filing any new litigation in propria persona without first obtaining an order from the presiding judge permitting the filing, and where it was undisputed that plaintiff did not, at any time, obtain an order from the presiding judge permitting her to file the litigation. Kovacevic v. Avalon at Eagles' Crossing Homeowners Assn. (Cal. App. 4th Dist. Oct. 26, 2010), 189 Cal. App. 4th 677, 117 Cal. Rptr. 3d 53, 2010 Cal. App. LEXIS 1834.

Because CCP § 391.7 places no time limitation on a party's filing of a notice of mistaken filing, a vexatious litigant who—although subject to a prefiling order— nevertheless files an improper in propria persona lawsuit, faces the possibility that the lawsuit will be dismissed pursuant to § 391.7(c), regardless of the impact that a dismissal will have on the vexatious litigant. Dismissing a lawsuit that the vexatious litigant had no right to file in the first place cannot reasonably be deemed to be excessively punitive, but, rather, such a result is fully consistent with the statute's purpose of countering misuse of the system by vexatious litigants. Kovacevic v. Avalon at Eagles' Crossing Homeowners Assn. (Cal. App. 4th Dist. Oct. 26, 2010), 189 Cal. App. 4th 677, 117 Cal. Rptr. 3d 53, 2010 Cal. App. LEXIS 1834.

Term "litigation" in CCP § 391.7(c) clearly encompasses the act of filing a new lawsuit. Further, CCP § 391 is clear in providing only a single exception to the rule of automatic dismissal upon the proper filing of a notice of mistaken filing because § 391.7(c) unambiguously provides that the litigation shall be dismissed unless the plaintiff obtains permission of the presiding judge to file the litigation within 10 days of the filing of the notice of mistaken filing. Kovacevic v. Avalon at Eagles' Crossing Homeowners Assn. (Cal. App. 4th Dist. Oct. 26, 2010), 189 Cal. App. 4th 677, 117 Cal. Rptr. 3d 53, 2010 Cal. App. LEXIS 1834.

By its unambiguous terms, CCP § 391.7(a) authorizes only a prefiling order prohibiting a vexatious litigant from filing new litigation without prior permission, and only when the litigant is unrepresented by counsel. Shalant v. Girardi (Cal. June 23, 2011), 51 Cal. 4th 1164, 126 Cal. Rptr. 3d 98, 253 P.3d 266, 2011 Cal. LEXIS 6171.



CCP § 391.7's dismissal provision did not apply where plaintiff did not file the action in propria persona but rather filed it through counsel, even though plaintiff lost his representation while the action was pending. Shalant v. Girardi (Cal. June 23, 2011), 51 Cal. 4th 1164, 126 Cal. Rptr. 3d 98, 253 P.3d 266, 2011 Cal. LEXIS 6171.

If a plaintiff was represented by counsel when he or she filed the action, CCP § 391.7 does not apply at all. Shalant v. Girardi (Cal. June 23, 2011), 51 Cal. 4th 1164, 126 Cal. Rptr. 3d 98, 253 P.3d 266, 2011 Cal. LEXIS 6171.

By its terms, CCP § 391.7 and orders made pursuant to it apply only to the vexatious litigant's filing of new litigation. Therefore, Forrest v. Department of Corporations, 150 Cal. App. 4th 183, 58 Cal. Rptr. 3d 466, 2007 Cal App LEXIS 648 (2007), is disapproved to the extent it held § 391.7 applies to acts other than the filing of new litigation in propria persona. Shalant v. Girardi (Cal. June 23, 2011), 51 Cal. 4th 1164, 126 Cal. Rptr. 3d 98, 253 P.3d 266, 2011 Cal LEXIS 6171.

Action that was improperly filed in propria persona by a plaintiff subject to a prefiling order remains under CCP § 391.7(c) subject to dismissal at any point in its pendency, not only at the early stages. At the same time, however, the statutory term "filing" plainly refers to filing the lawsuit, not to prosecuting or maintaining it. Shalant v. Girardi (Cal. June 23, 2011), 51 Cal. 4th 1164, 126 Cal. Rptr. 3d 98, 253 P.3d 266, 2011 Cal. LEXIS 6171.

Prefiling order, issued pursuant to CCP § 391.7(a), does not require a vexatious litigant who is represented by counsel to obtain permission from the presiding judge to present litigation for filing. Flores v. Georgeson (Cal. App. 5th Dist. Jan. 10, 2011), 191 Cal. App. 4th 881, 119 Cal. Rptr. 3d 808, 2011 Cal. App. LEXIS 19.

Trial court erred in dismissing an action pursuant to CCP § 391.7(a), on the ground plaintiff, who was a vexatious litigant, failed to obtain pretrial approval of the litigation. Because plaintiff was represented by counsel, plaintiff was not required to obtain permission from the presiding judge to present litigation for filing. Flores v. Georgeson (Cal. App. 5th Dist. Jan. 10, 2011), 191 Cal. App. 4th 881, 119 Cal. Rptr. 3d 808, 2011 Cal. App. LEXIS 19.

Because an attorney who pursued obsessive and meritless litigation relating to his real property used a client who was a co-owner of his property as a mere puppet or conduit for his abusive litigation practices, the attorney qualified as a vexatious litigant as defined in CCP § 391(b), as to appeals he filed on behalf of the co-owner, which were new litigation within the meaning of CCP § 391.7. In re Kinney (Cal. App. 2d Dist. Dec. 8, 2011), 201 Cal. App. 4th 951, 135 Cal. Rptr. 3d 471, 2011 Cal. App. LEXIS 1538.

Because a wife had repeatedly filed groundless appeals from the trial court's orders in a family law proceeding, she qualified as a vexatious litigant under CCP §§ 391, 391.7. In re Marriage of Falcone & Fyke (Cal. App. 6th Dist. Feb. 23, 2012), 203 Cal. App. 4th 964, 138 Cal. Rptr. 3d 44, 2012 Cal. App. LEXIS 201.

Requirement for obtaining leave to file does not apply to a vexatious litigant defendant's appeal from an adverse judgment. John v. Superior Court (Cal. App. 2d Dist. Nov. 10, 2014), 231 Cal. App. 4th 347, 179 Cal. Rptr. 3d 856, 2014 Cal. App. LEXIS 1018, review granted, depublished, (Cal. Feb. 11, 2015), 183 Cal. Rptr. 3d 515, 342 P.3d 415, 2015 Cal. LEXIS 751, aff'd, superseded, (Cal. May 5, 2016), 63 Cal. 4th 91, 201 Cal. Rptr. 3d 459, 369 P.3d 238, 2016 Cal. LEXIS 2562.

In an unlawful detainer case, defendant tenant should have been permitted to appeal a judgment in favor of the landlord, even though the tenant had been declared a vexatious litigant and was subject to a prefiling order, because the tenant was merely continuing the defense of the unlawful detainer action, seeking to repel the landlord's attack. John v. Superior Court (Cal. App. 2d Dist. Nov. 10, 2014), 231 Cal. App. 4th 347, 179 Cal. Rptr. 3d 856, 2014 Cal. App. LEXIS 1018, review granted, depublished, (Cal. Feb. 11, 2015), 183 Cal. Rptr. 3d 515, 342 P.3d 415, 2015 Cal. LEXIS 751, aff'd, superseded, (Cal. May 5, 2016), 63 Cal. 4th 91, 201 Cal. Rptr. 3d 459, 369 P.3d 238, 2016 Cal. LEXIS 2562.

Father's challenges to a prefiling order that declared him a vexatious litigant and that prohibited him from filing any new litigation in propria persona without first obtaining leave of court were untimely because they should have been raised in an appeal from the prefiling order, rather than from a later order denying his application to vacate that order. In re Marriage of Rifkin & Carty (Cal. App. 1st Dist. Mar. 6, 2015), 234 Cal. App. 4th 1339, 184 Cal. Rptr. 3d 783, 2015 Cal. App. LEXIS 210.

Read it!

lien on assets of building and loan association, it will be presumed, in absence of contrary showing, that equitable issues were properly presented by pleadings. Hise v. Superior Court of Los Angeles County (1943) 21 Cal 2d 614, 134 P2d 748, 1943 Cal LEXIS 290.

On collateral attack it will be presumed, when necessary, that parties consented to court's action in modifying judgment by reducing amount of recovery, or that they waived objections to such action, and order making such modification is not void on its face where there is nothing in judgment roll or admitted by parties which establishes its invalidity. Phelan v. Superior Court of San Francisco (1950) 35 Cal 2d 363, 217 P2d 951, 1950 Cal LEXIS 344.

On collateral attack on judgment it will be presumed that parties consented to court's action or waived objection thereto. Cagnon Co. v. Nevada Desert Inn, Inc. (1955) 45 Cal 2d 448, 289 P2d 466, 1955 Cal LEXIS 335.

Though portions of document relating to matters covered by testimony of prosecution witnesses were withheld from defendant, and though document was not reexamined on appeal from judgment of conviction, it cannot be assumed on collateral attack that trial court acted improperly in withholding portions of document determined by trial court to have nothing to do with his case. In re Waltreus (1965) 62 Cal 2d 218, 42 Cal Rptr 9, 397 P2d 1001, 1965 Cal LEXIS 241, cert. denied, Waltreus v. California (1965) 15 L Ed 2d 92, 382 US 853, 86 S Ct 103, 1965 US LEXIS 797.

39. Recitals

When judgment recites that all owners and claimants of property have been duly summoned to answer complaint and have made default, judgment in this respect cannot be impeached in collateral action, although it appears that name of one of the owners was omitted in published summons. Kelly v. Lancaster (1970) 39 Cal 354, 1870 Cal LEXIS 56.

In action for divorce, in which judgment by default is rendered against nonresident defendant upon service of summons by publication, affidavits of service and recitals thereof in judgment are conclusive upon collateral attack. In re Estate of Newman (1888) 75 Cal 213, 16 P 887, 1888 Cal LEXIS 510, superseded by statute as stated in Dobrick v. Hathaway (1984, Cal App 2d Dist) 160 Cal App 3d 913, 207 Cal Rptr 50, 1984 Cal App LEXIS 2598.

Where judgment as entered recites that things therein contained were "ordered, adjudged and decreed," it shows upon its face that it was duly made, and in proceeding in mandamus to compel its amendment by insertion of names of proper defendants, it cannot be collaterally attacked by showing that it was not made in open court. Boust v. Superior Court (1912) 162 Cal 343, 122 P 956, 1912 Cal LEXIS 542, overruled in part on other grounds, Phelan v. Superior Court of San Francisco (1950) 35 Cal 2d 363, 217 P2d 951, 1950 Cal LEXIS 344.

Recital of judgment as to due service of process is conclusive of such fact upon collateral attack, unless it be positively contradicted by record itself and such contradiction must be explicit and irreconcilable. Musser v. Fitting (1915, Cal App) 26 Cal App 746, 148 P 536, 1915 Cal App LEXIS 342.

After court has granted mother's petition to have her children adjudged wards of juvenile court, grandmother's motion to vacate said order constitutes collateral attack thereon, where record shows nothing contradictory of or inconsistent with recital in order. People ex rel. Pollock v. Bogart (1943, Cal App) 58 Cal App 2d 831, 138 P2d 360, 1943 Cal App LEXIS 119.

40. —Conflict With Other Parts of Record

Where judgment recites that named defendant had been duly served with process, return made by sheriff of service of summons showing that another person had been served does not contradict or overcome recital in judgment, and such judgment is not liable to collateral attack for want of jurisdiction of person of defendant. Quivey v. Porter (1869) 37 Cal 458, 1869 Cal LEXIS 84.

Where default judgment recites that defendant corporation had been regularly served with copy of summons and complaint, it must be assumed, on collateral attack, that such defendant was regularly served with summons, notwithstanding proof of service of summons contained in other portions of judgment roll is insufficient. Crouch v. H. L. Miller & Co. (1915) 169 Cal 341, 146 P 880, 1915 Cal LEXIS 506.

2. ADJUDICATION OF JURISDICTION

41. Generally

State courts cannot set aside or indirectly review judgments of federal courts made in matters of which federal courts have jurisdiction. Semple v. Hagar (1865) 27 Cal 163, 1865 Cal LEXIS 6, dismissed, Semple v. Hager (1866) 71 US 431, 18 L Ed 402, 1866 US LEXIS 892.

Where case is transferred because of disqualification of judge, determination of what court is nearest to which transfer should be made under statute is within jurisdiction of judge, and selection of county seat most readily accessible, though not nearest in distance, whether erroneous or not, will not render final judgment in case void upon collateral attack. Gage v. Downey (1889) 79 Cal 140, 21 P 527, 1889 Cal LEXIS 685, modified and reh'g denied, (1889) 79 Cal 140, 21 P 527, 31 P 855, 1889 Cal LEXIS 1075.

Where court has jurisdiction of subject matter and parties, its judgment is res judicata upon subsequent action brought in federal court under contention that order was void for want of jurisdiction. United States Fidelity & Guaranty Co. v. Blankenhorn (1928) 25 F 2d 866, 1928 US App LEXIS 3095, cert. denied, United States Fidelity & G. Co. v. Blankenhorn (1928) 278 US 603, 49 S Ct 10, 73 L Ed 531, 1928 US LEXIS 447.



Where prior actions between divorced parties with regard to rights under property settlement agreement were brought in courts of competent jurisdiction, judgments were entered in each action from which it could be assumed court made preliminary determinations of jurisdiction, and such determinations, if incorrect, were errors that involved no extrinsic fraud and could be reviewed only by direct appeal, such determinations, following affirmance on appeal and denial of hearings by supreme court, were res judicata and not subject to collateral attack. Taliaferro v. Taliaferro (1960, Cal App 1st Dist) 178 Cal App 2d 140, Cal Rptr 716, 1960 Cal App LEXIS 2571.

42. By Inferior Tribunals

Whenever jurisdiction of court not of record depends on fact which court is required to ascertain and settle by its decision, such decision, if court has jurisdiction of parties, is conclusive, and not subject to collateral attack. Pennie v. Hagar (1877) 52 Cal 171, 1877 Cal LEXIS 68, overruled in part on other grounds, Lower Kings River Reclamation Dist. No. 531 v. Phillips (1895, Cal) 39 P 630.

E. GROUNDS FOR COLLATERAL ATTACK

1. GENERAL CONSIDERATIONS

43. Generally

Where, in action to cancel lease, sum tendered to defendant on account of such cancellation was refused, and that sum was deposited by plaintiff with banking company, whose certificate of deposit in name of county clerk was receipted for by him as money deposited in court, and was indorsed and delivered to treasurer as such deposit, who receipted to clerk therefor as deposit in court, and court by its judgment cancelled lease, and recognized deposit in court, and ordered money deposited to be paid to defendant, its jurisdiction to make order cannot be collaterally attacked on ground that plaintiff did not apply for deposit in court. Agoure v. Peck (1912, Cal App) 17 Cal App 10, 121 P 706, 1912 Cal App LEXIS 285.

Judgment rendered in favor of corporation is subject to collateral attack on ground that existence of corporation had been legally terminated. Panzer-Hamilton Co. v. Bray (1929, Cal App) 96 Cal App 460, 274 P 769, 1929 Cal App LEXIS 832.

An interlocutory divorce decree, as a final adjudication of the parties' marital status, may be attacked only on the grounds specified in the code. Estate of Hughes (1947, Cal App) 80 Cal App 2d 550, 182 P2d 253, 1947 Cal App LEXIS 990.

Extrinsic fraud or mistake, or a judgment void on the face of the judgment roll, are the only cases where a collateral attack may be made. Henderson v. Henderson (1948, Cal App) 85 Cal App 2d 476, 193 P2d 135, 1948 Cal App LEXIS 936.

44. Voidness of Judgments

Judgment absolutely void upon its face may be attacked anywhere, directly or collaterally, either by parties or strangers. Forbes v. Hyde (1866) 31 Cal 342, 1866 Cal LEXIS 213, overruled in part on other grounds, Hahn v. Kelly (1868) 34 Cal 391; Pusey Estate (1919) 180 Cal 368, 181 P 648, 1919 Cal LEXIS 494; In re American Fidelity Corp. (1939) 28 F Supp 462, 1939 US Dist LEXIS 2620.

Judgment in suit to quiet title cannot enjoin parties from taking proceedings for purpose of having it adjudged that judgment is void, for no judgment can enjoin attack upon it based upon claim that it is absolutely void. Newport v. Superior Court (1923) 192 Cal 92, 230 P 168, 1923 Cal LEXIS 322.

Judgment against defunct corporation which was non-existent at time of trial and entry may be impeached as void by anyone interested. Sharp v. Eagle Lake Lumber Co. (1923, Cal App) 60 Cal App 386, 212 P 933, 1923 Cal App LEXIS 37.

Judgment rendered by court having jurisdiction of parties and subject matter, unless reversed or annulled, is not open to contradiction or impeachment with respect to its validity or binding effect by parties or privies in any collateral proceeding, but void judgment may be collaterally attacked either by parties or by strangers. Associated Oil Co. v. Mullin (1930, Cal App) 110 Cal App 385, 294 P 421, 1930 Cal App LEXIS 55.

Unless absolutely void, a judgment is not subject to collateral impeachment; and it is not void unless it was made without authority of law or without jurisdiction. Rico v. Nasser Bros. Realty Co. (1943, Cal App) 58 Cal App 2d 878, 137 P2d 861, 1943 Cal App LEXIS 126.

Void order or judgment is subject to collateral attack at any time and in any place by any interested party. Carter v. Carter (1957, Cal App 2d Dist) 148 Cal App 2d 845, 307 P2d 630, 1957 Cal App LEXIS 2440.

45. Attorney Unauthorized Appearance

Appearance of attorney for defendant in court of general jurisdiction gives court jurisdiction of person of defendant, and if attorney appears without authority, that fact cannot be shown, as defense at law, in suit upon judgment. Carpentier v. Oakland (1866) 30 Cal 439, 1866 Cal LEXIS 118.

Where, without legal authority, attorney en-